**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| REGINALD CURRY | : | |
| | : | |
| Appellant | : | No. 1662 EDA 2023 |

Appeal from the PCRA Order Entered May 31, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0609751-2003

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| REGINALD CURRY | : | |
| | : | |
| Appellant | : | No. 1663 EDA 2023 |

Appeal from the PCRA Order Entered May 31, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0609771-2003

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| REGINALD CURRY | : | |
| | : | |
| Appellant | : | No. 1664 EDA 2023 |

Appeal from the PCRA Order Entered May 31, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0810361-2003

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                        :          PENNSYLVANIA
                        :
           v.                :
                        :
                        :
REGINALD CURRY            :
                        :
          Appellant      :    No. 1665 EDA 2023

Appeal from the PCRA Order Entered May 31, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0810371-2003

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                        :          PENNSYLVANIA
                        :
           v.                :
                        :
                        :
REGINALD CURRY            :
                        :
          Appellant      :    No. 1666 EDA 2023

Appeal from the PCRA Order Entered May 31, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0810381-2003

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                        :          PENNSYLVANIA
                        :
           v.                :
                        :
                        :
REGINALD CURRY            :
                        :
          Appellant      :    No. 1667 EDA 2023

Appeal from the PCRA Order Entered May 31, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0900731-2003

BEFORE:   STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED MARCH 07, 2024**

Reginald Curry appeals *pro se* from the order denying petition for *habeas corpus* relief.  The lower court treated this as a serial petition under the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  For the reasons that follow, we affirm.

The pertinent facts and procedural history are as follows:  In 2004, Curry pled guilty to six counts of robbery.  On January 3, 2004, the trial court sentenced him to an aggregate term of 25-50 years in prison.  He filed neither post-sentence motions nor a direct appeal.  On August 12, 2004,  Curry filed a timely *pro se* PCRA petition and the PCRA court appointed counsel.  Thereafter, PCRA counsel filed a "no-merit" letter and a motion to withdraw, pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).   On April 25, 2005, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing.  Curry did not file a response.  By order entered May 31, 2005, the PCRA court dismissed Curry's petition.

Curry appealed.   "Following several snafus and years of delay," in February 2018, counsel was appointed to represent Curry on appeal. **Commonwealth v. Curry**, 216 A.3d 390 (Pa. Super. 2019) (non-precedential decision at 4).  On May 7, 2018, appellate PCRA counsel filed a petition to withdraw and a **Turner**/**Finley** brief.  On April 16, 2019, this Court affirmed

_____

[*] Former Justice specially assigned to the Superior Court.

- 3 -

the denial of post-conviction relief and granted counsel's petition to withdraw. *Id.*

On December 5, 2022, Curry filed the instant *pro se* "Petition for Writ of Habeas Corpus Pursuant to Article I, § 14 of the Pennsylvania Constitution." The PCRA court treated Curry's 2022 petition as a serial PCRA petition. On April 26, 2023, the PCRA court issued a Rule 907 notice of its intent to dismiss the petition without a hearing because it was untimely-filed, and Curry failed to establish an exception to the PCRA's time bar. Curry filed a *pro se* response. By order entered May 31, 2022, the PCRA court dismissed Curry's petition. This appeal followed. The PCRA court did not require Pa.R.A.P. 1925 compliance.

Curry raises the following issue on appeal:

[Whether] the [PCRA] Court abused its discretion in dismissing [Curry's] Petition for Habeas Corpus Relief alleging he is illegally confined on the basis of multiple Robbery convictions that violated due process of law in that there was insufficient evidence of guilt[?]

Curry's Brief at 3.

Before addressing this issue, however, we must address whether the PCRA court properly considered Curry's latest filing for post-conviction relief as a serial PCRA petition. *See* 42 Pa.C.S.A. § 9542 (providing that the PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose . . . including *habeas corpus*"); *Commonwealth v. Descardes*, 136 A.3d 493, 499 (Pa.

2016) (explaining that "claims that could be brought under the PCRA must be brought under that Act. . . . A claim is cognizable under the PCRA if the . . . conviction resulted from one of seven enumerated errors set forth in 42 Pa.C.S. § 9543(a)(2)").

In this petition, Curry essentially claims that his sentence is illegal. The PCRA is the exclusive avenue to collaterally attack the legality of a sentence. 42 Pa.C.S.A. § 9543(a)(2)(vii); *see also Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013) (holding that issues such as the illegality of sentence that are cognizable under the PCRAA "must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition"). Thus, the PCRA court properly considered Curry's *habeas corpus* petition as a serial PCRA petition.

Treating Curry's latest filing as a PCRA petition, we next determine whether the PCRA court correctly concluded that it was untimely filed, and that Curry failed to establish a time-bar exception. The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional

- 5 -

right." **Commonwealth v. Brandon**, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petitioner must file his petition "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Curry's judgment of sentence became final on February 23, 2004, thirty days after he failed to file a direct appeal to this Court. **See** 42 Pa.C.S.A. § 9545(b)(3).[1] Therefore, Curry had until February 22, 2005, to file a timely PCRA petition. As Curry filed the petition at issue in 2022, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

---

[1] Because the thirtieth day fell on a Sunday, Curry had until the following Monday to file a timely appeal. **See generally**, 1 Pa.C.S.A. § 1908.

Curry has failed to plead and prove any exception to the PCRA's time bar. Indeed, in his brief, Curry acknowledges the PCRA's time-bar restrictions but argues that pursuant to the Supremacy Clause of the United States Constitution and **McQuiggin v. Perkins**, 569 U.S. 383 (2012) his *habeas corpus* petition should be considered. In **McQuiggin**, the United States Supreme Court held that petitioners who assert a convincing actual innocence claim may thereby invoke the miscarriage of justice exception to overcome the federal *habeas corpus* statute of limitations. According to Curry, this federal authority "sweeps all state time bar/jurisdiction questions away," and allows for consideration of his "actual innocence" claim. **See** Curry's Brief at 8. We disagree.

This Court has deemed federal decisions pertaining to **federal** *habeas corpus* law have no effect on the timeliness requirements of the PCRA. **See**, **e.g.**, **Commonwealth v. Brown**, 143 A.3d 418, 421 (Pa. Super. 2016) (clarifying that "this change in federal [*habeas corpus*] law is irrelevant to the time restrictions of our PCRA"); **Commonwealth v. Saunders**, 60 A.3d 162, 165 (Pa. Super. 2013) (holding that lowering the bar in federal *habeas corpus* law is not relevant to the way Pennsylvania courts apply the plain language of the PCRA's time-bar exceptions). There is no "actual innocence" exception to the PCRA's time restrictions.

In sum, Curry's motion is cognizable under the PCRA, but it is untimely, and he has failed to establish a time-bar exception. As such, both the PCRA

court and this Court lack jurisdiction to consider his substantive claim. ***Derrickson***, ***supra***.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/7/2024